WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gildardo Gonzales Inzunza, | No. CV-16-01337-PHX-JAT (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| Carla Hacker-Agnew, et al., | |
| Respondents. | |

Pending before the Court are a number of motions filed by pro se habeas petitioner Gildardo Gonzales Inzunza ("Petitioner"), which the Court rules on as set forth below.

## I. DISCUSSION

### A. Petitioner's "Notice of Indigency" (Doc. 13)

In his "Notice of Indigency" (Doc. 13 at 2-3), Petitioner requests that the Court provide him with "the Rules as to what [Petitioner] can or cannot request" in the following motions, along with copies of any Court-approved forms for the motions:

     i.   Motions to amend the Petition;
    ii.   Motions to supplement or expand the record;
   iii.   Motion for appointment of counsel;
   iv.   Motion for discovery;
    v.   Motion for evidentiary hearing;
   vi.   Motion to stay;
  vii.   Motion requesting orders.

(*Id.* at 2-3).  Petitioner also requests a Court-approved form for a Reply, if available.  (*Id.* at 3).

1
2
3
4
5
6
7
8
9

The Court does not have forms available for motions, responses, or replies. Regarding Petitioner's request for relevant rules, Petitioner is directed to the (i) Federal Rules of Civil Procedure; (ii) the Local Rules of Civil Procedure; and (iii) the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.[1]   The Court does not provide litigants with legal advice as to how to draft motions or other filings.  *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[F]ederal district judges have no obligation to act as counsel or paralegal to *pro se* litigants.") (italics in original).

10
11
12
13
14

Finally, Petitioner's Notice (Doc. 13 at 3) indicates that he does not have a copy of "any pretrial motions, Trial Transcripts, minute entries, and any post trial motions, if any, by Appeal Attorney or Post Conviction Attorney . . . ."   On July 13, 2016, Respondents provided copies of those documents to Petitioner.  (Doc. 19).  The issue is therefore deemed moot.

15
16

For the above reasons, the Court will deny the requests contained in Petitioner's "Notice of Indigency" (Doc. 13).

17
18

**B. Petitioner's "Motion for Discovery as Provided by Rule 26 Federal Rule's [sic] of Civil Procedure" (Doc. 14)**

19

**1. Application of the Miscarriage of Justice Exception to Procedurally Defaulted and Time-Barred Claims**

20
21

Respondents have filed a Limited Answer (Doc. 10) asserting that Petitioner's habeas claims are not only untimely, but are also procedurally defaulted.

22
23
24
25

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claims will result in a fundamental miscarriage of justice.  *McKinney v. Ryan*, 730 F.3d

26
27
28

[1] Petitioner's Notice (Doc. 13) indicates that he has "no access to any Rules or statutes . . . ."  As Petitioner cites Federal Rule of Civil Procedure 26 in his Motion (Doc. 14) subsequently filed on June 23, 2016, it appears that Petitioner may now have access to legal materials.  If Petitioner does not have access to relevant legal rules/statutes as of the date of this Order, Petitioner may notify the Court, which will order briefing on the issue.

1    903, 913 (9th Cir. 2013).  The U.S. Supreme Court applied the "miscarriage of justice"

2    exception in *Schlup v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006).

3    After *Schlup*, The "miscarriage of justice" exception is also referred to as a "*Schlup*

4    claim" or the "*Schlup* gateway."  *Lee v. Lampert*, 653 F.3d 929, 943 (9th Cir. 2011);

5    *Gandarela v. Johnson,* 286 F.3d 1080, 1086 (9th Cir. 2002).  In *McQuiggin v. Perkins*,

6    133 S.Ct. 1924, 1931-34 (2013), the Supreme Court held that the miscarriage of justice

7    exception extends to habeas petitions that are time-barred under the Anti-Terrorism and

8    Effective Death Penalty Act of 1996.   To be clear, a *Schlup* claim is "not itself a

9    constitutional claim, but instead a gateway through which a habeas petitioner must pass

10   to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513

11   U .S. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

12          A petitioner attempting to pass through the *Schlup* gateway must establish his or

13   her factual innocence of the crime(s) for which he or she was convicted.  *See Bousley v.*

14   *U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003).

15   It is not enough to establish legal insufficiency.  *Id*.  "To be credible, [a *Schlup*] claim

16   requires [a] petitioner to support his allegations of constitutional error with new reliable

17   evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

18   or critical physical evidence."  *Schlup*, 513 U.S. at 324; *see also Lee*, 653 F.3d at 945.  A

19   petitioner "must show that it is more likely than not that no reasonable juror would have

20   convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327.  Because of

21   "the rarity of such evidence, in virtually every case, the allegation of actual innocence has

22   been summarily rejected."  *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing

23   *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

24          In his June 23, 2016 Motion (Doc. 14), Petitioner seeks to obtain certain

25   documents from Respondents and the State Bar of Arizona that Petitioner asserts are

26   necessary to show why a fundamental miscarriage of justice will result if the Court fails

27   to consider Petitioner's claims.

28

1

**2. Discovery in Federal Habeas Proceedings**

2      Although a habeas proceeding is a civil suit, a habeas petitioner "does not enjoy

3   the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*,

4   187 F.3d 1064, 1068 (9th Cir. 1999); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)

5   (stating that unlike other civil litigants, a habeas corpus petitioner is not entitled to broad

6   discovery). A court considering a habeas corpus petition is ordinarily limited to the state

7   court record. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (holding that "review

8   under § 2254(d)(1) is limited to the record that was before the state court that adjudicated

9   the claim on the merits"). Yet under Rule 6(a) of the Rules Governing § 2254 Cases, 28

10   U.S.C. foll. § 2254, a court may grant a habeas petitioner's discovery request upon a

11   showing of good cause. *Bracy*, 520 U.S. at 904. Good cause exists "where specific

12   allegations before the court show reason to believe that the petitioner may, if the

13   facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* at

14   908-09. The Ninth Circuit Court of Appeals has advised that courts "should not

15   allow prisoners to use federal discovery for fishing expeditions to investigate mere

16   speculation." *Calderon v. U.S. Dist. Court for the Northern Dist. Of California*, 98 F.3d

17   1102, 1106 (9th Cir. 1996).

18

**3. Petitioner's Requested Documents**

19      The Court construes Petitioner's Motion (Doc. 14) as a motion for leave to serve a

20   Request for Production of Documents on Respondents and a subpoena duces tecum on

21   the State Bar of Arizona in order to obtain the following documents:

22
> (1) (A). Respondents all pretrial motions, minute entries, Trial
> Transcripts, Police Report's [sic], Supplemental Report's

23
> [sic], Photo's [sic], including airiel [sic] Photo's of the
> Country Creek Apartments located by North 75th avenue and

24
> Glendale Road in the city of Glendale, Arizona with the
> location of Jennette Jimenez's apartment at that time,

25
> provided by Google Earth.

26
> (b) State Bar of Arizona . . . provide copy's [sic] of complaint

27
> filed by Petitioner along with all discovery report, evidence,
> Hearing's [sic], records and final Judgment imposed on

28
> Pamela J. Eaton, Bar #011203, by the State Bar.

1    (*Id.* at 3-4) (emphasis omitted).

2    On July 13, 2016, Respondents filed a "Notice of Production" (Doc. 19) indicating

3    that they mailed to Petitioner "all available transcripts, pretrial motions, and minute

4    entries filed in Maricopa County Superior Court Cause No. CR2008-134566-001 DT

5    . . . ."  Petitioner's Motion (Doc. 14) is therefore denied as moot as to those documents.

6    Respondents have indicated that certain other documents that Petitioner requests either

7    do not exist or are not in their possession (Doc. 15 at 2).  *See* Fed. R. Civ. P. 34; *Pizzuti*

8    *v. United States*, 809 F.Supp.2d 164, 193-94 (S.D.N.Y. 2011) (finding that habeas

9    petitioner was entitled to certain discovery from the government in order to support the

10   merits of a habeas claim only to the extent that the requested information was in the

11   possession, custody, or control of the government).  Further, Petitioner's Motion does

12   not contain specific allegations that provide the Court with reason to believe that those

13   documents would demonstrate that Petitioner's allegedly time-barred and procedurally

14   defaulted claims should pass through the *Schlup* gateway.[2]   *Bracy*, 520 U.S. at 908-09.

15   The Court does not find good cause for granting Petitioner's Motion (Doc. 14) as to the

16   police reports and photographs.

17   The documents that Petitioner seeks to obtain from the State Bar of Arizona

18   appear to relate to his claim regarding the alleged ineffective assistance of his appellate

19   counsel.  Petitioner does not make specific allegations that provide the Court with

20   reason to believe that the documents would establish a *Schlup* claim.  The Court does not

21   find good cause for granting Petitioner's Motion (Doc. 14) as to the documents in the

22   possession of the State Bar of Arizona.

23   For the above reasons, Petitioner's "Motion for Discovery  . . ." (Doc. 14) is

24   denied.

25   **C.  Petitioner's "Motion for Appointment of Counsel" (Doc. 16)**

26   Indigent prisoners applying for habeas corpus relief are not entitled to appointed

27

28   [2] If the Court rejects Respondents' asserted affirmative defenses, it will direct Respondents to file a response regarding the merits of Petitioner's claims not barred by an affirmative defense.  Petitioner may re-file his Motion for Discovery at that time.

1  counsel "unless the circumstances of a particular case indicate that appointed counsel is

2  necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

3  Cir. 1986); *see also Knaubert v. Goldsmith*, 791 F.2d 722, 728-729 (9th Cir. 1986).

4  However, the Court has discretion to appoint counsel when "the interests of justice so

5  require." 18 U.S.C. § 3006A(a)(2)(B). The undersigned does not find that the interests

6  of justice require the appointment of counsel in this case. Petitioner has failed to show

7  that the complexities of the case are such that denial of appointed counsel would amount

8  to a denial of due process. Moreover, Petitioner's filings with the Court indicate that

9  Petitioner understands the issues and is capable of presenting his arguments to the Court.

10 *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming the denial of the

11 appointment of counsel where a petitioner's pleadings demonstrated a good

12 understanding of the issues and an ability to present contentions "forcefully and

13 coherently"). Petitioner's "Motion for Appointment of Counsel" (Doc. 16) is denied.

### D. Petitioner's Motions (Docs. 17, 20, 24) Seeking to Amend the Petition for Writ of Habeas Corpus (Doc. 1)

14

15 Petitioner has filed three Motions (Docs. 17, 20, 24) seeking to amend his Petition

16 for Writ of Habeas Corpus (Doc. 1) (the "Petition"). As discussed below, the Court

17 construes two of these Motions as motions to expand the record and one of the Motions

18 as a motion to supplement the Petition.

19
### 1. Petitioner's July 11, 2016 and September 22, 2016 Motions (Docs. 17 and 24) are Construed as Motions to Expand the Record

20

21 Where a habeas petitioner seeks to expand the record to support the merits of a

22 habeas claim, 28 U.S.C. § 2254(e)(2)[3] generally applies even if an evidentiary hearing is

23

24 [3] 28 U.S.C. § 2254(e)(2) provides that: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

25

(A) the claim relies on--

26

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

27

28

(ii) a factual predicate that could not have been

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

not requested.[4]   *See Holland v. Jackson*, 542 U.S. 649, 653 (2004); *Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (applying § 2254(e)(2) to expansion of the record when intent is to bolster the merits of a claim with new evidence).   However, where a petitioner is seeking to expand the record to excuse a procedural default, Section 2254(e)(2) does not apply.   In that situation, the Court must only evaluate whether the supplementary evidence is relevant to deciding whether the procedural default should be excused.   *See* Rule 7 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *Cristin v. Brennan*, 281 F.3d 404, 412, 418-19 (3d Cir. 2002) (there is "no indicia that Congress intended § 2254(e)(2)'s restrictions on evidentiary hearings to apply, in addition to hearings on the merits, to hearings on excuses to procedural default); *Teleguz v. Pearson*, 689 F.3d 322, 331 (4th Cir. 2012) ("Our sister circuits considering whether the limitation on evidentiary hearings in § 2254(e)(2) applies to *Schlup* claims have overwhelmingly found that it does not."); *Henry v. Warden, Georgia Diagnostic Prison,* 750 F.3d 1226, 1231 (11th Cir. 2014) (Section 2254(e)(2) did not apply to "an evidentiary hearing on cause and prejudice"); *Sibley v. Culliver*, 377 F.3d 1196, 1207 n.9 (11th Cir. 2004); *see also Detrich v. Ryan*, 740 F.3d 1237, 1247 (9th Cir. 2013) (stating that "a prisoner making a *Martinez* motion is not asserting a 'claim' for relief but instead is seeking, on an equitable basis, to excuse a procedural default" and holding that Section 2254(e)(2) does not apply).

Attached to Petitioner's July 11, 2016 Motion (Doc. 17) is a "Final Judgment and

previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[4] "An exception to this general rule exists if a [p]etitioner exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." *Cooper–Smith*, 397 F.3d at 1241.  A petitioner who "'knew of the existence of [ ] information' at the time of his state court proceedings, but did not present it until federal habeas proceedings, 'failed to develop the factual basis for his claim diligently.'" *Rhoades v. Henry*, 598 F.3d 511, 517 (9th Cir. 2010) (quoting *Cooper-Smith*, 397 F.3d at 1241).

1

2

3

4

5

6

Order" issued by the Presiding Disciplinary Judge of the Arizona Supreme Court on May 6, 2013.  The Order suspended Petitioner's former appellate counsel from the practice of law for six months and one day and placed counsel on probation for two years upon reinstatement.  (*Id.* at 13-14).  As the Final Judgment and Order is not currently a part of the state court record, the Court construes Petitioner's Motion (Doc. 17) as a motion to expand the record.

7

8

9

10

11

12

In his September 22, 2016 Motion (Doc. 24),[5] Petitioner requests to further amend the Petition (Doc. 1) to include additional arguments pertaining to the alleged ineffective assistance of his appellate counsel.  Attached to the Motion (Doc. 24 at 9-11) is correspondence between Petitioner and the State Bar of Arizona regarding Petitioner's appellate counsel.  As those letters are not part of the state court record, the Court construes Petitioner's Motion (Doc. 24) as a motion to expand the record.

13

14

15

16

17

18

19

The documents attached to Petitioner's July 11, 2016 and September 22, 2016 Motions (Docs. 17 and 24) relate to the merits of Petitioner's ineffective assistance of appellate counsel claim.  Because Respondents have filed a Limited Answer and have not addressed the merits of Petitioner's habeas claims, Petitioner's Motions (Docs. 17 and 24) are premature.  The arguments that Petitioner makes in the Motions pertaining to his alleged actual innocence may be presented in his Reply to Respondents' Limited Answer (Doc. 10).  The Court will deny Petitioner's Motions (Docs. 17 and 24).

20

**2.  Petitioner's August 11, 2016 Motion (Doc. 20) is Construed as a Motion to Supplement the Petition**

21

22

23

24

25

26

27

On August 11, 2016, Petitioner filed a "Motion to Amend and Request for Relief" in which Petitioner requests to "further amend his writ of habeas to demonstrate cause and prejudice against [P]etitioner during trial and collateral proceeding's [sic] . . . ." (Doc. 20 at 3).  Attached to Petitioner's Motion are portions of the state court record not previously submitted by Respondents.  It appears that those documents and the arguments contained in the Motion (Doc. 20) are intended to supplement rather than replace the

28

---

[5] A duplicate document was filed at Doc. 25.  The Court will direct the Clerk of Court to strike the duplicative filing.

1    Petition (Doc. 1) in its entirety.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

2    1992) (it is a "well-established doctrine that an amended pleading supersedes the original

3    pleading"). As such, the Court construes Petitioner's Motion (Doc. 20) as a motion to

4    supplement.  In their Response (Doc. 22), Respondents state that they do not object to the

5    addition of the documents attached to Petitioner's Motion (Doc. 20).  The Court will

6    grant Petitioner's Motion (Doc. 20) and deem it a supplement to the Petition (Doc. 1).

7    The Court will allow Respondents an opportunity to supplement their Limited Answer

8    (Doc. 10).

9                                   **II.  CONCLUSION**

10        Based on the foregoing,

11        **IT IS ORDERED** denying the requests contained in Petitioner's "Notice of

12   Indigency" (Doc. 13).

13        **IT IS FURTHER ORDERED** denying Petitioner's "Motion for Discovery as

14   Provided by Rule 26 Federal Rule's [sic] of Civil Procedure" (Doc. 14)

15        **IT IS FURTHER ORDERED** denying Petitioner's "Motion for Appointment of

16   Counsel" (Doc. 16).

17

18        **IT IS FURTHER ORDERED** denying Petitioner's "Motion to Amend" (Doc.

19   17).

20        **IT IS FURTHER ORDERED** granting Petitioner's "Motion to Amend and

21   Request for Relief" (Doc. 20).  Petitioner's Motion (Doc. 20) and its attached documents

22   are deemed a supplement to the Petition (Doc. 1).  For clarity of the record, the Clerk of

23   Court is directed to amend the docket accordingly.

24        **IT IS FURTHER ORDERED** denying Petitioner's "Motion to Amend/Reply"

25   (Doc. 24).

26        **IT IS FURTHER ORDERED** directing the Clerk of Court to strike the

27   duplicative "Motion to Amend/Reply" filed at Doc. 25.

28

**IT IS FURTHER ORDERED** that Respondents may file a Supplemental Limited Answer by **November 30, 2016**.  Petitioner may file a Reply no later than **thirty days** after service of Respondents' Supplemental Limited Answer.  If Respondents do not timely file a Supplemental Limited Answer, then Petitioner's Reply to Respondents' Limited Answer (Doc. 10) is due no later than **December 30, 2016**.

Dated this 7th day of November, 2016.

Eileen S. Willett
United States Magistrate Judge