# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gildardo Gonzales Inzunza,

    Petitioner,

v.

Carla Hacker-Agnew, et al.,

    Respondents.

No. CV-16-01337-PHX-JAT (ESW)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:**

On May 2, 2016, Gildardo Gonzales Inzunza ("Petitioner") filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By Person in State Custody" (the "Petition") (Doc. 1). The Petition utilized the Court's approved form. The form advises at the top of the first page that the "[f]ailure to notify the Court of your change of address may result in dismissal of this action."

In the May 2, 2016 Notice of Assignment, the Court advised Petitioner that he must file a Notice of Change of Address if his address changes. (Doc. 4 at 2). In its May 13, 2016 Order, the Court advised Petitioner that he "must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure" and that the "[f]ailure to comply may result in dismissal of this action." (Doc. 5 at 2). It

is assumed that Petitioner received the Notice of Assignment (Doc. 4) and Order (Doc. 5) as the documents were not returned as undeliverable.

On November 8, 2016, the Court issued an Order (Doc. 28) that ruled on a number of Petitioner's motions. The Clerk of Court mailed a copy of the Order (Doc. 28) to Petitioner. On December 2, 2016, the mailing was returned to the Court as undeliverable, with a notation "no longer in custody." (Doc. 30). No forwarding address was provided.

In February 2017, the Court ordered Petitioner to file a Notice of Change of Address or show cause why this case should not be dismissed for failure to comply with the Court's Orders and LRCiv 83.3. (Docs. 31, 32). The Order was returned to the Court as undeliverable for the reason that Petitioner is "no longer in custody." (Doc. 33).[1] To date, Petitioner has not filed a Notice of Change of Address or responded to the Court's Order to Show Cause.

Petitioner has the general duty to prosecute this case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). The Ninth Circuit Court of Appeals has rejected the "suggestion that [it] impose upon the district court an affirmative obligation to call the jailhouse to inquire into [an incarcerated litigant's] whereabouts prior to dismissing his lawsuit . . . ." *Id.* Petitioner's failure to keep the Court informed of his new address constitutes failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the

---

[1] The Arizona Department of Corrections' database indicates that Petitioner was released from prison on May 10, 2017. (Attachment 1).

- 2 -

language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Petitioner's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In this case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The undersigned therefore recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

For the above reasons,

**IT IS RECOMMENDED** that the Court dismiss the Petition (Doc. 1) without prejudice for failure to prosecute.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the district court's judgment.

| | |
|---|---|
| 1 | However, pursuant to Federal Rule of Civil Procedure 72(b), the parties shall have |
| 2 | fourteen days from the date of service of a copy of this recommendation within which to |
| 3 | file specific written objections with the Court. Thereafter, the parties have fourteen days |
| 4 | within which to file a response to the objections. Failure to file timely objections to any |
| 5 | factual determinations of the Magistrate Judge may be considered a waiver of a party's |
| 6 | right to appellate review of the findings of fact in an order or judgment entered pursuant |
| 7 | to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d |
| 8 | 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007). |

Dated this 24th day of May, 2017.

_____
Eileen S. Willett
United States Magistrate Judge

# ATTACHMENT 1



Inmate 180654

| Last Name | First Name | Middle Initial |
|---|---|---|
| INZUNZA | GILDARDO | |

| Gender | Height (inches) | Weight | Hair Color |
|---|---|---|---|
| MALE | 69 | 180 | BLACK |

| Eye Color | Ethnic Origin | Custody Class | Inmate/Detainee |
|---|---|---|---|
| BROWN | MEXICAN AMERICAN | 3/3 | INMATE |

| Sentence | Admission | Prison Release Date | Max End Date |
|---|---|---|---|
| Sentence Information Below | 07/28/2009 | 05/10/2017 | 11/10/2018 |

| Cur. Absconded | Hist. Absconded | Release Type | Most Recent Loc | Unit |
|---|---|---|---|---|
| -N- | Y–05/15/2008 | COM SUPERV RLSE | FLORENCE | F-CENTRAL CLOSE |

| Community Supervision Parole | Last Movement | Commitment Status | Status |
|---|---|---|---|
| COM SUPERV RLSE | 05/10/2017 | COMPLETE AND VERIFIED | INACTIVE |

This only applies to AZDOC Supervision.

Earned Credit Release Date is provided for guidance. Confirmation can be sought by contacting ADC.

Details of inmate offenses can be accessed by reviewing the case file at the Office of the Clerk of the Court where the case was adjudicated.

## Commitment Information *5 record(s)*

| Commit# | Sentence yy/mm/dd | Sentence County | Court Cause# | Offense Date | Sentence Status | Crime | Crime Info | Felony Class | Ruling | Verified |
|---|---|---|---|---|---|---|---|---|---|---|
| A02 | 3 Y/ 6 M/ 0 D | MARICOPA | 1999014799 | 10/12/1999 | IMPOSED | AGGRAVATED ASSAULT | ND/NR | CL3 | Y | YES |
| B01 | 1 Y/ 0 M/ 0 D | MARICOPA | 2006169942001S | 11/13/2006 | IMPOSED | CRIMINAL TRESPASS 1ST DGR | ND/NR | CL6 | Y | YES |
| C01 | 9 Y/ 0 M/ 0 D | MARICOPA | 2008134566001D | 05/25/2008 | IMPOSED | AGGRAVATED ASSAULT | D/NR | CL3 | Y | YES |
| C02 | 2 Y/ 6 M/ 0 D | MARICOPA | 2008134566001D | 05/25/2008 | IMPOSED | MISCNDCT INVOLVING WEAPONS | ND/NR | CL4 | N | YES |
| D02 | 2 Y/ 3 M/ 0 D | MARICOPA | 2015001092002 | 10/09/2014 | IMPOSED | TAMPER W PHYSICAL EVIDENCE | ND/NR | CL6 | Y | YES |

## Sentence Information *5 record(s)*

| Commit# | Sentence yy/mm/dd | Admit Date | Consec/Concur | Release Date(s) | Supervision End | Sentence Expiration | Flat Maximum |
|---|---|---|---|---|---|---|---|
| A02 | 3 Y/ 6 M/ 0 D | 10/08/2003 | | | 11/17/2006 | | 11/15/2006 |
| B01 | 1 Y/ 0 M/ 0 D | 08/16/2007 | | 02/22/2008 | 06/22/2008 | 05/22/2008 | 06/30/2008 |
| C01 | 9 Y/ 0 M/ 0 D | 07/15/2009 | | | | 01/25/2017 | 05/31/2017 |
| C02 | 2 Y/ 6 M/ 0 D | 07/15/2009 | Concurrent: C01 | | | | 11/30/2010 |
| D02 | 2 Y/ 3 M/ 0 D | 10/21/2016 | Consecutive: C01 | | 11/10/2018 | 05/10/2017 | 08/31/2017 |

**Disciplinary Appeals** *0 record(s)* *[Info]*

**Profile Classification**

**Parole Action** *0 record(s)*